```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JIMMY AVILA,                                                           :
                                                                       :
                              Plaintiff,                               :   17-CV-8916 (JMF)
                                                                       :
              -v-                                                      :   MEMORANDUM OPINION
                                                                       :         AND ORDER
BASICS INC. et al.,                                                    :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff, proceeding *pro se*, alleges that Defendants have engaged in retaliation against him in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, as well as similar state and local laws. Specifically, Plaintiff claims that Defendants are seeking to terminate his tenancy and evict him from his apartment because he won judgments against certain of the Defendants in New York State small claims court and engaged in "*Protected Action*" through the New York State Division of Human Rights. (Docket No. 2 ¶ 7). Plaintiff has also filed an order to show cause seeking an injunction preventing Defendants from "retaliatory [sic] evicting Plaintiff" during the pendency of this action. (Docket No. 3, at 1).

The Court is obliged to construe liberally *pro se* pleadings, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Even so, the Court must dismiss a complaint that does not plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In fact, the Court must, on its own initiative, dismiss an *in forma pauperis* complaint, or

portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). To state a claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. Put differently, "the Court's duty to liberally construe a [*pro se*] plaintiff's complaint is not the equivalent of a duty to re-write it." *Thomas v. N.Y. City Dep't of Educ.*, No. 15-CV-8934 (JMF), 2016 WL 4544066, at *2 (S.D.N.Y. Aug. 31, 2016) (internal quotation marks and brackets omitted).

Even liberally construed, Plaintiff's complaint does not state a plausible claim to relief. The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also forbids retaliation against persons who have previously asserted their rights under the FHA. *See* 42 U.S.C. § 3617 (making it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [various sections] of this title"). Conclusory assertions aside, however, Plaintiff fails to allege actions against Defendants that constituted protected activity under the FHA. Moreover, Plaintiff fails to plead any facts from which the Court could conclude that

2

Defendants' attempt to terminate his tenancy and evict him from his apartment are in retaliation for Plaintiff's prior conduct. Accordingly, the Court finds that Plaintiff fails to state a plausible claim to relief under the FHA, and his complaint must be dismissed.

In light of the foregoing, Plaintiff's request for preliminary relief enjoining Defendants from terminating his tenancy and evicting him is also denied. Moreover, to obtain such relief, Plaintiff would have had to show (1) that he is likely to suffer irreparable harm; and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted) (internal quotation marks omitted). It follows from the discussion above that Plaintiff has not demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits. Furthermore, he has not made a showing of irreparable harm, for example by providing the Court with information about his pending eviction or the timing thereof. Thus, Plaintiff's request for injunctive relief is denied.

For the foregoing reasons, Plaintiff's request for an order to show cause is denied and his complaint is dismissed. Leave to amend a complaint should be freely given "when justice so requires," Fed R. Civ. P. 15(a)(2), and courts generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam)

(internal quotation marks omitted). Because it is not apparent that the defects in Plaintiff's complaint are "substantive" such that "better pleading will not cure" them, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court grants Plaintiff leave to file an amended complaint **within thirty days of the date of this Memorandum Opinion and Order**. An Amended Complaint form that Plaintiff should complete is attached to this Memorandum Opinion and Order. As Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Failure to file an amended complaint will result in dismissal of the case altogether.

Plaintiff is advised that, as of last year, a *Pro Se* Law Clinic opened in this District to assist non-incarcerated people who are parties in civil cases and who do not have lawyers. The Clinic may be able to provide Plaintiff advice in connection with his claims and in addressing the concerns raised by this Memorandum Opinion and Order. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and therefore, among other things, cannot accept filings on behalf of the Court, which must still be made by unrepresented parties through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. Plaintiff can make an appointment in person or by calling (212) 659-6190.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S.

4

438, 444-45 (1962). The Clerk of Court is directed to dismiss the complaint and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: November 20, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge